UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:24-cr-00160 |
| v. ) | |
| ) | Magistrate Judge Holmes |
| DERRICK SMITH ) | |

## UNITED STATES' MOTION FOR A DETENTION HEARING AND FOR DETENTION OF THE DEFENDANT

The United States of America, by and through Henry C. Leventis, United States Attorney, and Assistant United States Attorney Nicholas J. Goldin, respectfully moves for a detention hearing and for the detention of Defendant Derrick Smith (the "defendant") in this matter.

## PROCEDURAL BACKGROUND

On August 21, 2024, a federal Grand Jury returned a three-count Indictment charging the defendant with the following offenses: possession with intent to distribute fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count One); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two); and possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Count Three). (Indictment, Doc. No. 1).

## THE GOVERNMENT'S RIGHT TO A DETENTION HEARING

The Government is entitled to a detention hearing in this matter. The defendant is charged with a violation of 18 U.S.C. § 924(c), which carries a maximum sentence of life imprisonment. 18 U.S.C. § 924(c)(1)(A)(i). The defendant is also charged with possessing with intent to distribute fentanyl and cocaine, an offense that carries a maximum sentence of 20 years' imprisonment. 21 U.S.C. § 841(b)(1)(C). Accordingly, the United States is entitled to a detention hearing in this matter for three independently sufficient reasons: (i) the defendant has been charged with an

offense "for which the maximum sentence is life imprisonment," 18 U.S.C. § 3142(f)(1)(B); (ii) the defendant has been charged with an offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances act," *id.* § 3142(f)(1)(C); and (iii) the defendant has been charged with a felony that "involves the possession or use of a firearm," *id.* § 3142(f)(1)(E).

## THE REBUTTABLE PRESUMPTION

A rebuttable presumption of detention arises whenever there is "probable cause to believe" that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, or an offense under 18 U.S.C. § 924(c). 18 U.S.C. § 3142(e)(3)(A), (B). "A grand jury indictment, by itself, establishes probable cause to believe that a defendant committed the crime with which he is charged." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010). As noted above, the defendant is charged in the instant Indictment with offenses under the Controlled Substances Act punishable by more than ten years in prison, and with a violation of § 924(c). Accordingly, there is "probable cause to believe" that the defendant committed offenses that trigger the rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3). The United States intends to rely on the rebuttable presumption should there be a detention hearing in this matter.

## FACTUAL PROFFER OF EVIDENCE[1]

Here, on the morning of May 26, 2024 (the Sunday of Memorial Day Weekend), officers with the Metropolitan Nashville Police Department ("MNPD") were called to a popular recreation

---

[1] "[C]onducting a bail hearing by proffer is acceptable under the law and at the discretion of the district court." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *see also United States v. Webb*, 238 F.3d 426 (table), 2000 WL 1721060, at *2 (6th Cir. 2000) ( "[T]he government may proceed in a detention hearing by proffer or hearsay."); *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996) ("Every circuit to have considered the matter . . . [has] permitted the Government to proceed by way of proffer.").

2

area at J. Percy Priest Lake in Nashville, Tennessee, based on reports that an individual—who would later be identified as the defendant—appeared to be intoxicated and was attempting to drive away from the recreation area. An MNPD officer arrived on scene and encountered the defendant (who indeed appeared to be intoxicated) in the recreation area's parking lot. The officer spoke with the defendant and, after obtaining his identification, discovered that the defendant had an active arrest warrant out of Montgomery County, Tennessee, based on a prior DUI charge.

Before taking the defendant into custody, the officer asked the defendant whether he had any weapons in his possession. The defendant did not immediately answer, but eventually offered that he "might" have a weapon. The officer instructed the defendant to tell him where the weapon was located and not to reach for it. The defendant did not comply, and instead tried to reach for the gun (possibly in order to hand it to the officer). At this point, officers placed the defendant under arrest. The defendant resisted being placed in handcuffs. During the ensuing struggle, the officer was able to remove a loaded, stolen handgun from the defendant's waistband. After searching the defendant incident to his arrest, officers further discovered that the defendant had nearly an ounce of cocaine on his person, some of which also tested positive for fentanyl.

In sum, officers arrested the defendant in the parking lot of a popular, public recreation area on a holiday weekend, while he was in simultaneous possession of a loaded handgun and distribution amounts of fentanyl and cocaine. At the same time, the defendant was also attempting to drive away while intoxicated—while he already had an active arrest warrant for another DUI— and the defendant resisted officers' attempts to arrest him and struggled with officers while he had a loaded gun in his waistband. The defendant also has a lengthy history of prior convictions, including two prior felon-in-possession convictions, a prior conviction for evading arrest by motor vehicle, and multiple prior drug convictions (including two prior convictions related to distributing cocaine).

3

## CONCLUSION

Based on these and other facts the United States intends to proffer to the Court, the United States anticipates arguing at the detention hearing that there is no condition or combination of conditions the Court can impose that will reasonably assure the safety of the community, and so the defendant should be ordered detained pending a trial in this matter. *See* 18 U.S.C. § 3142(e). Should a detention hearing be necessary, the United States may submit a Supplemental Memorandum in Support of Pre-Trial Detention containing a more detailed factual proffer and additional argument in support of detention.

The United States further notes that the defendant was already in state custody and is being transported to this Court on a writ of habeas corpus ad prosequendum. (*See* Doc. No. 5).

The United States respectfully requests that, should a hearing be necessary, the Court grant the United States a continuance in this matter of three business days so that the United States may adequately prepare for the hearing on this motion. *See* 18 U.S.C. § 3142(f).

Respectfully submitted,

HENRY C. LEVENTIS  
United States Attorney

By: /s/ Nicholas J. Goldin  
NICHOLAS J. GOLDIN  
Assistant United States Attorney  
719 Church Street, Suite 3300  
Nashville, Tennessee 37203  
Tel. (615) 736-5151

## CERTIFICATE OF SERVICE

   I hereby certify that a true and correct copy of the foregoing was filed electronically with the Clerk of Court via CM/ECF on this, the 1st day of October, 2024, and that a copy will be served on defense counsel of record, Richard L. Tennent, by e-mail.

                /s/ Nicholas J. Goldin
                NICHOLAS J. GOLDIN
                Assistant United States Attorney